UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JIMMIE JONES,

                 Petitioner

     v.

ANDREW J. BIGGINS,

                 Respondent.

CIVIL ACTION NO. 3:26-CV-00325

(MEHALCHICK, J.)

**MEMORANDUM**

On February 10, 2026, the Court received and docketed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 from Petitioner Jimmie Jones ("Jones"), a prisoner confined at the Franklin County Jail at the time of filing. (Doc. 1). Jones has filed a motion to proceed *in forma pauperis*. (Doc. 4). The Court will grant the motion to proceed *forma pauperis* and screen the petition pursuant to Rule 4. Based on this screening, the Court will dismiss the petition without prejudice there continues to be an ongoing state court criminal proceeding. See Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. Foll. § 2254.[1]

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Jones states that he has been indited in Case No. CP-28-CR-0001197-2023, but the case "has not moved passed arraignment" and is currently in the Franklin County Jail as a

---

[1] Rule 4 states in pertinent part that: "The clerk must promptly forward the petition to a judge ... and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Rule 1(b) permits application of these rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241.

pretrial detainee. (Doc. 1). Jones is challenging the legitimacy of the charges against him, his arrest, and his detainment. (Doc. 1).

An electronic search of the Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/CaseSearch, indicates that the actions Jones is challenging is pending in the Court of Common Pleas of Franklin County as "awaiting appellate court decision" after Jones filed an appeal before the Superior Court of Pennsylvania under Case No. 419 MDA 2026.

## II.    DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4.

Because Jones is a pretrial detainee, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241. *See Glazewski v. United States*, No. 16-CV-3052, 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) (collecting cases). Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered. *See Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).

Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court

will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). However, even if these requirements are met, *Younger* abstention is not appropriate if the federal plaintiff can establish that "(1) the state court proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstance exists. . ." *Lazaridis*, 591 F.3d at 670 n.4.

It is evident from the state court electronic docket sheet and the contents of the habeas petition that Jones is engaged in ongoing criminal proceedings which implicate important state interests. Jones is requesting that the state criminal action proceeding against him be dismissed and he be released from state custody. (Doc. 1). Jones still has the opportunity to raise all his challenges before the trial court and on appeal. Accordingly, the § 2241 petition will be dismissed without prejudice to allow Jones to pursue state court remedies.

**III.    CONCLUSION**

For the reasons set forth above, the Court will grant Jones' motion to proceed *in forma pauperis* and file the petition. The Court will dismiss the petition for writ of habeas corpus without prejudice and close the case. Because jurists of reason would not find the procedural disposition of this case debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), no certificate of appealability will issue. An appropriate order follows.

**Dated: May 22, 2026**                                     *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States District Judge**

4